IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE INGRAM,

        Plaintiff,                No. CIV S-11-2507 EFB P

    vs.

B. HAMKAR, et al.,

        Defendants.        ORDER

_____/

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a request for appointment of counsel, and a motion for a preliminary injunction.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 3. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 5; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4).

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

### III.     Screening Order

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). As discussed below, the allegations in plaintiff's complaint are so vague and conclusory that plaintiff fails to state a plausible claim for relief.

Plaintiff names the following defendants: Dr. Hamkar, Dr. Dhillon, RN Goeman, LVN Thorpe, Nurse Gibson, Nurse Linggi, Dr. Bal, T. Virga, and John Does 1-25. However, the complaint does not include any factual allegations against Gibson, Virga, or John Does 1-25.

Plaintiff alleges that on October 22, 2010, defendant Hamkar ordered plaintiff a knee brace for pain and stability. He includes no additional allegations against defendant Hamkar and thus, fails to link him to any deprivation of his federal rights.

Plaintiff claims that on January 5, 2011, defendant Thorpe confiscated his knee brace and tried to issue him an altered brace. Plaintiff alleges this caused him pain and arthritic changes to his right knee. Plaintiff does not describe the altered brace or allege that it was an inadequate substitute for the knee brace that was confiscated. He includes no allegations demonstrating why Thorpe confiscated the knee brace, or whether Thorpe knew that confiscating the knee brace would expose plaintiff to pain or any other risk of serious harm.

1  Plaintiff claims that on January 6, 2011, he wrote a request for interview to defendant
2 Linggi, the patient advocacy liaison, but that she disregarded the issue, leaving plaintiff in
3 chronic pain and without a brace of any kind, until plaintiff saw a doctor on February 7, 2011.
4 However, the exhibit referenced by plaintiff in his complaint, shows that Linggi responded to
5 plaintiff's request on January 12, 2011, stating "I interviewed you yesterday regarding this exact
6 issue and Dr. Hamkar personally informed me that your current brace is appropriate." Dckt. No.
7 1, Ex. 6A.
8  Plaintiff claims he received anterior cruciate ligament surgery on February 22, 2011, and
9 that he also received another knee brace. Plaintiff alleges that on March 2, 2011, defendant
10 Goeman had defendant Dhillon reduce plaintiff's medication after surgery without being seen,
11 thereby disregarding a prescription ordered by defendant Bal, causing plaintiff severe pain.
12 Plaintiff also claims that in a conversation between defendants Dhillon, Thorpe and Goeman,
13 Goeman stated that inmates, including plaintiff, were not to have medication four times a day.
14 Dhillon purportedly informed plaintiff that the motivation for cutting down on pain medication
15 was related to the state budget deficit. It appears from plaintiff's allegations that ten days after
16 his surgery, his pain medication was reduced from four times a day to three times a day. Absent
17 are allegations showing that any defendant so reduced plaintiff's medication knowing that it
18 would pose a substantial risk of serious harm to plaintiff.
19  To state a section 1983 claim for a constitutional violation based on inadequate medical
20 care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate
21 indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,
22 plaintiff must show both that his medical needs were objectively serious, and that defendant
23 possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);
24 *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that
25 significantly affects an individual's daily activities, an injury or condition a reasonable doctor or
26 patient would find worthy of comment or treatment, or the existence of chronic and substantial

4

pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this

right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). Plaintiff fails to plead facts sufficient to state a claim that any defendant denied him access to the courts.

To the extent plaintiff intends to impose liability against any defendant based on his or her handling of plaintiff's administrative appeals, plaintiff is hereby informed that there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

## IV.   Leave to Amend

For the reasons stated above, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b). Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint

shall clearly set forth the claims and allegations against each defendant.

Plaintiff is hereby informed that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

## V. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. Dckt. No. 9. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to

7

articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court finds there are no exceptional circumstances in this case.

**VI.     Motion for Preliminary Injunction**

Plaintiff filed a motion for a preliminary injunction. Dckt. No. 8. As discussed above, plaintiff's complaint is dismissed. Plaintiff's request for injunctive relief is therefore premature because he has failed to state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order. If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s). The court cannot issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the court will deny plaintiff's request for injunctive relief as premature.

**VII.    Conclusion**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for

////

failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

    4.  Plaintiff's March 30, 2012 motion for appointment of counsel (Dckt. No. 9) is denied.

    5. Plaintiff's request for injunctive relief (Dckt. No. 8) is denied.

Dated: April 26, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE