UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE INGRAM,<br><br>        Plaintiff,<br><br>    v.<br><br>B. HAMKAR, et al.,<br><br>        Defendants. | No.  2:11-cv-2507-WBS-EFB P<br><br><br>ORDER |

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He requests leave to amend his complaint on the ground that he has attempted to exhaust claims that were previously dismissed in this action as unexhausted.  ECF No. 43; *see also* ECF No. 36 (dismissing certain claims as unexhausted without prejudice to filing them in a new action).  Plaintiff's request must be denied.

       Any claims dismissed in this action as unexhausted may not be pursued further in this case.  Rather, plaintiff must pursue them, if at all, in a new action.  "[A]llowing a prisoner to file unexhausted claims, then exhaust, then file an amended complaint regarding the same, old claims contained in the original complaint would create an end-run around the rule . . . that a prisoner must exhaust his administrative remedies for the claim contained within his complaint *before* the complaint is tendered to the . . . court."  *Jones v. Felker*, No. CIV S-08-0096, 2011 U.S. Dist. LEXIS 13730, at *14 (E.D. Cal. Feb. 11, 2011) (emphasis added, internal quotations omitted,

1

citing *Rhodes v. Robinson*, 621 F.3d 1002, 1004-05 (9th Cir. 2010)).  Plaintiff's repetition in an amended complaint of a claim that was not exhausted when he filed his original complaint, does not convert that unexhausted claim into a properly exhausted claim, even if it was subsequently addressed at the Director's level of review.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) and *Rhodes*, 621 F.3d 1002, 1004-07 (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint).

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 43) is denied.

Dated:  November 25, 2013.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE