UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE INGRAM, | No. 2:11-cv-2507-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| B. HAMKAR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On September 10, 2013, the court issued a discovery and scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure. ECF No. 38. It required that requests for written discovery be served no later than October 7, 2013, and that motions to compel be filed by December 9, 2013. *Id.* It also set March 12, 2014 as the deadline for filing dispositive motions. *Id.*

On March 19, 2014, after no dispositive motions were filed, the court ordered the parties to file pretrial statements. ECF No. 49. In defendants' pretrial statement, defense counsel candidly confesses that "[d]ue to a scheduling error, Defendants failed to timely motion for summary judgment. The error was not noticed until the Court issued its Order requiring the filing of pretrial statements." ECF No. 54 at 10. This type of scheduling error does not constitutes

/////

1

good cause for failing to comply with the court's Rule 16 schedule.[1]  Nonetheless, the court's heavy docket cannot tolerate proceeding with trials in actions that could and should have been disposed of by summary judgment.  *See Moreno v. Medina*, No. 2:08-cv-1344-JAM-EFB P, 2014 U.S. Dist. LEXIS 37757, at *8 (E.D. Cal. Mar. 21, 2014) ("The docket of the assigned district judge, who will be tasked with presiding over a jury trial in this matter, has no room for matters that should have been efficiently resolved by summary judgment.").  Accordingly, given defense counsel's belief "that this matter can be disposed of on motion" (ECF No. 54 at 10), the March 12, 2014 deadline for filing dispositive motions is vacated, and defendants shall file a summary judgment motion within 60 days from the date of this order.  Further requests to extend this deadline will not be entertained.

The court must also revisit the discovery deadlines set in the Rule 16 schedule.  On March 26, 2014, plaintiff filed a document entitled "Declaration for Entry of Default."  ECF No. 50.  In that filing, plaintiff states that he served interrogatories on October 20, 2013 (thirteen days after the deadline for serving such requests), and that defendants never responded.[2]  *Id.*  Defendants have not opposed or otherwise responded to plaintiff's filing, which the court construes as a motion to compel.  The scheduling order afforded plaintiff little time to pursue discovery.  Despite plaintiff's incarceration and limited access to legal resources, he served his interrogatories within 40 days of the date the schedule was issued.  Plaintiff, given his circumstances, has acted with due diligence and there is no evidence of any legal prejudice to the defendants if the court modifies the schedule to deem plaintiff's interrogatories timely served, and to allow for a substantive resolution of plaintiff's motion to compel.  Given plaintiff's

---

[1] *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (Rule 16's "good cause" requirement demands a showing that the requesting party cannot meet the deadline despite exercising due diligence).

[2] To the extent plaintiff believes that defendants' failure to respond to interrogatories warrants an entry of default, he is mistaken.  Rule 55 of the Federal Rules of Civil Procedure allows for entry of default when a party "has failed to plead or otherwise defend . . . ."  Defendants filed have not failed to defend themselves in this action as they timely filed an answer on September 21, 2013, followed by a pretrial statement on May 20, 2014.  ECF Nos. 37, 54.  Nor does the current record warrant the imposition of terminating sanctions.

uncontested representation that defendants failed to respond to his interrogatories, defendants are ordered to serve responses to those interrogatories within 30 days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. The March 12, 2014 deadline for filing dispositive motions is vacated, and defendants shall file a summary judgment motion within 60 days from the date of this order.  NO FURTHER EXTENSIONS OF THIS DEADLINE WILL BE GRANTED. Defendants are cautioned that the failure to comply with the new schedule may result in sanctions, including monetary, evidentiary and/or terminating sanctions.  *See Moreno v. Medina*, No. 2:08-cv-1344-JAM-EFB P, 2014 U.S. Dist. LEXIS 83813 (E.D. Cal. June 17, 2014).

2. The Clerk of the Court shall make a notation on the docket indicating that the parties' pretrial statements (ECF Nos. 51, 53, & 54) have been addressed by this order.

3. Defendants shall serve responses to plaintiff's October 20, 2013 interrogatories within 30 days from the date of this order.  Any motion to compel, if necessary, must be filed within 60 days from the date of this order.

DATED: July 10, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3